Electronically Filed - St Louis County - March 02, 2023 - 05:08 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| BRAD SHEPARD, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 23SL-CC00771 |
| | ) | |
| v. | ) | Division: 21 |
| | ) | |
| | ) | **Jury Trial Requested** |
| | ) | |
| K2 CORPORATE | ) | |
| MOBILITY, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff Brad Shepard ("Shepard" or "Plaintiff"), by and through

undersigned counsel and for his First Amended Petition against Defendant K2 Corporate

Mobility, LLC ("Defendant") hereby states and alleges the following:

## JURISDICTION, VENUE AND PARTIES

1. Upon information and belief Defendant K2 Corporate Mobility, LLC is a limited liability

company.

2. Defendant is headquartered in Houston, Texas with offices, including home offices, and

employees throughout the United States, including in St. Louis County, Missouri.

3. Defendant collectively offers relocation services, which include short- and long-term

international assignment mobility support, moving services, immigration services, destination

and departure services, and domestic relocation support, among others. Defendant serves

customers worldwide and at all relevant times herein did so via Plaintiff's employment at his

home office in St. Louis County, Missouri.

Electronically Filed - St Louis County - March 02, 2023 - 05:08 PM

4.   As mentioned, Plaintiff worked for Defendant from his home office in St. Louis, County Missouri pursuant to a written employment agreement entered between Plaintiff and Defendant.

5.   This lawsuit arises out of that employment agreement a contract entered between Plaintiff – from his home office in St. Louis, County Missouri – and Defendant – from its corporate headquarters in Houston, Texas.  It is attached hereto as Exhibit A.

6.   The contract/employment agreement at issue provides that it shall be construed in accordance with and governed by the laws of the state of Texas.

7.   This Missouri Court has jurisdiction over Defendant because, *inter alia*, Defendant employed Plaintiff – a St. Louis County, Missouri resident – from his home office in St. Louis County, Missouri.  Plaintiff performed his services for Defendant from his home office in St. Louis County, Missouri; negotiated his contract with Defendant from St. Louis County, Missouri; and received all renumeration from Defendant at his Bank in St. Louis County, Missouri.

8.   For the same reasons set forth in paragraph 7 above, venue in this Court is proper.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.   Plaintiff began his employment with Defendant as a VP, Business Development on or around October 1, 2018.

10. The terms and conditions of Plaintiff's employment are set forth in employment agreement marked Exhibit A.

11. During the entirety of his employment, Plaintiff abided by all terms of the employment agreement.

12. Plaintiff's compensation is set forth in the agreement at paragraph.

Electronically Filed - St Louis County - March 02, 2023 - 05:08 PM

13. In pertinent part, Plaintiff's commission structure per account was "based over four years and will be staggered as follows – 8% in year one, 6% in year two, 4% in year three and 2% in year four."

14. Commissions were to be paid to Plaintiff "on invoiced amounts, not projected figures and will only apply to revenue that exceeds 30% gross margin."

15. Commission was "only applicable to profit generating revenue" and were to be paid on a quarterly basis.

16. Critically, commission payments were **not** conditioned on continued employment with Defendant.

17. The agreement also contains various restrictive covenants – a non-compete in paragraph 10 and non-solicitation in paragraph 11.

18. During Plaintiff's employment with Defendant, he was the procuring cause of a significant transaction with a client of Defendant – ███ – which entitled him to commissions under the employment agreement.

19. To that end, Defendant specifically, and unequivocally, represented to Plaintiff via text message that Plaintiff was entitled to commissions on the ███ deal – stating, in response to Plaintiff's questioning as to the commission structure for the ███ deal, "**I'll revert but most importantly you'll get your commission**."

20. Plaintiff was a critical component of every step of the transaction from the initial contact, the development and presentation of the sales pitch, the development of the proposal and pricing, the execution of the initial contract, and finally throughout implementation.

21. Plaintiff's procuring activities include, but are not limited to, the following:

a. **Plaintiff had the initial discussion with the** ▮▮▮ **contact.** ▮▮▮ contact, Fallon Sullivan, Head of People Enterprise (described as effective Chief of Staff for ▮▮▮ made an inquiry on K2's website.  Plaintiff spoke to Fallon prior to Phil having any discussion with ▮▮▮  This initial discussion set in motion the chain of events—without a break in their continuity—which caused ▮▮▮ to purchase K2 services.

b. **Plaintiff had ongoing contact with the** ▮▮▮ **contact and developed the sales strategy.**  Based on Plaintiff's initial conversation illustrating the service capabilities of K2, Fallon agreed to a meeting the following week which he coordinated for July 14. In this discussion and prior to the meeting, Plaintiff gathered all the key elements critical to procuring ▮▮▮ as a client, providing details to the K2 presentation team.

c. **Plaintiff assembled and led/coordinated the team for** ▮▮▮ **pitch.**  Plaintiff assembled the most appropriate team based on his understanding of their key drivers.  Plaintiff developed the presentation deck and led the pitch.

d. **But for Plaintiff's expertise in US Domestic group moves, the team would have lacked the necessary expertise to procure the sale.**  Plaintiff was the only K2 representative who has experience selling, contracting and setting up US Domestic group moves.

e. **Plaintiff organized the follow-up meeting with** ▮▮▮ **key decisionmaker.**  Plaintiff prepared summaries to sales team and prepare initial draft of presentation slides.

f. **Plaintiff developed the initial proposal document and recommended pricing.**

Electronically Filed - St Louis County - March 02, 2023 - 05:08 PM

  **g.  Plaintiff reviewed, negotiated and executed as signatory the initial management and consulting agreements.**

  **h.  Plaintiff drafted scope of work to be added to initial executed agreement.**

  **i.  Plaintiff drafted various implementation documents and regularly met with implementation team.**  Plaintiff set up and attended all meetings daily for nearly 30 days.

  **j.  Plaintiff was the sole commissioned sales employee involved in the deal.**

22. The same process for procuring sales set forth above was followed numerous times throughout Plaintiff's employment with K2, and each time this process was followed previously, Defendant recognized that Plaintiff was responsible for procuring the sale and properly paid Plaintiff commissions for such sales.

23. Notwithstanding the clear contractual terms and past dealings of the parties, Defendant has refused to pay Plaintiff commissioned due or acknowledge that Plaintiff is due commissions for the ▮▮▮▮ transaction.

24. Plaintiff was also the procuring cause for several other transactions to which he is entitled to commissions under Texas law and his employment contract, including, but not limited to, the following:

  a.  Aveva
  b.  Publicis
  c.  BDT Capital
  d.  Argo Group
  e.  Grede
  f.  Analysis Group
  g.  Austin Fraser
  h.  Core Labs
  i.  Toyota Tshusho America
  j.  Bupa
  k.  AES Clean Technology
  l.  OutSystems (Everett Pond)

Electronically Filed - St Louis County - March 02, 2023 - 05:08 PM

m.  Golub Capital
n.  Itau Bank
o.  Etsy
p.  JPW Industries
q.  CLA
r.  Evelyn Partners
s.  Holcim Trading
t.  Triton Container
u.  Centene
v.  Texxen
w.  SyPartners
x.  Altus Engineering
y.  Mogas

25. Upon information and belief, commissions owed to Plaintiff range from 1.5 million dollars to nearly 3.5 million dollars.

26. To boot, and in attempt to avoid paying Plaintiff his lawful, contractually due commissions, Defendant terminated Plaintiff in bad faith.

## COUNT I - BREACH OF CONTRACT

27. Plaintiff incorporates by reference the allegations contained in all previous paragraphs as if set forth fully herein.

28. The Agreement described above is a valid contract under Texas law for consideration between Plaintiff and Defendant.

29. Plaintiff fulfilled his obligations under the Agreement.

30. As set forth above, Defendant materially breached the Agreement by refusing to pay Plaintiff commissions for the ▮▮▮▮ transaction for which he was the procuring cause.

31. Defendant's breach, detailed above, caused, and continues to cause, damages to Defendant, in an amount to be determined but in excess of $25,000.

WHEREFORE, Plaintiff respectfully requests judgement in his favor in an amount that is fair and reasonable, that he recover his damages for breach of contract, which should include, *inter*

Electronically Filed - St Louis County - March 02, 2023 - 05:08 PM

*alia*, attorney's fees, costs, and expenses, interest, consequential damages, and for such other and further relief to which he may be entitled and that the Court deems just and appropriate.

## COUNT II – DECLARATORY RELIEF

32. Plaintiff incorporates by reference the allegations contained in all previous paragraphs as if set forth fully herein.

33. As set forth herein, Defendant materially breached Plaintiff's employment agreement, which contains various restrictive covenants.

34. Defendant's material, bad faith breach of the express terms of the agreement has estopped Defendant from enforcing the non-compete and non-solicitation provisions of the Agreement.

35. Plaintiff therefore seeks declaratory relief ruling that such restrictive covenants are now unenforceable.

36. Plaintiff will be harmed in the free exercise of his profession and in conducting business without Court intervention, which the interests of justice dictate.

WHEREFORE, Plaintiff prays that the Court declare that the non-competition and non-solicitation provisions of the Agreement attached as Exhibit A are void and unenforceable and issue a binding Order to that effect, as well awarding any other relief the Court deems appropriate, including awarding attorney's fees and costs.

Electronically Filed - St Louis County - March 02, 2023 - 05:08 PM

RESPECTFULLY SUBMITTED,

*/s/ S. Cody Reinberg*
S. Cody Reinberg, #66174
HKM Employment Attorneys, LLP
7382 Pershing Ave, 1W
St. Louis, Missouri 63130
Telephone/fax: 314-391-9557
creinberg@hkm.com

**Attorney for Plaintiff Brad Shepard**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 2nd day of March 2023, a copy of the foregoing pleading was filed with the electronic court filing system and further states that a copy was provided to Defendant's counsel Charles Sturm via electronic mail to csturm@sturmlegal.com.

*/s/ S. Cody Reinberg*